FILED
FEB 2 2 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CANTOR ENTERPRISES INC. dba CALIFORNIA WATERSPORTS; CANTOR WATERSPORTS ENTERPRISES LLC; and JOSHUA D. CANTOR, individual, as owners or managers of 2019, 11' Yamaha Waverunner Model VX, H.I.N. YAMA25641819, CA State Registration No. CF2514VR and 2019, 11' Yamaha Waverunner Model VX, H.I.N. YAMA2572L819, CA State Registration No. CF3516 VR,<br><br>Plaintiffs-in-Limitation, | Case No.: 3:20-cv-00326-BEN-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISSOLVE INJUNCTION AND STAY PROCEEDINGS and**<br>**(2) DENYING AS MOOT MOTION TO FILE AMENDED COUNTERCLAIM**<br><br>[ECF Nos. 36, 39] |

This action arises out of the death of Tanisha Prince, who was killed when two jet skis collided at Agua Hedionda Lagoon in Carlsbad, California. Both the jet ski Prince was riding and the jet ski that hit her were owned by Plaintiffs-in-Limitation Cantor Enterprises, Inc., dba California Watersports; Cantor Watersports Enterprises LLC; and Joshua D. Cantor (collectively, "Cantor Enterprises"). Cantor Enterprises seeks to limit its liability. Claimants Laurent Stevens, Price's daughter, and Claimant Barbara Conners, Price's mother (collectively, "Claimants"), filed a claim in this action for wrongful death.

1

Claimants have also filed a claim in the Superior Court of California, County of San Diego. *See* Case No. 37-2020-00008483-CU-PO-NC (the "State Court Action"). Claimants filed a Motion to Dissolve, asking the Court to stay the present limitation case and dissolve the injunction on the State Court Action. ECF No. 36.

For the following reasons, the Motion to Dissolve is **GRANTED**. Because the Court grants the Motion to Dissolve, Claimants' Motion to File an Amended Counterclaim, ECF No. 39, is **DENIED AS MOOT**.

I. **BACKGROUND**[1]

On August 18, 2019, Tanisha Price was killed from injuries sustained in an incident that occurred while she was riding a jet ski driven by her boyfriend, non-party Devin Whittaker. Price and Whittaker rented the jet ski from Cantor Enterprises and took it out onto an area of Agua Hedionda Lagoon in Carlsbad, California, that was allegedly under Cantor Enterprise's supervision.

At approximately 3:55 p.m., Whittaker saw another Cantor Enterprises jet ski was stopped in the lagoon, so he pulled aside it to see if the other driver needed assistance. The other jet ski had run out of fuel. Noe Aguilar was driving a third Cantor Enterprises jet ski in the area at the same time. Aguilar was attending a party thrown by his employer, The Roof Masters, Inc. ("Roof Masters"). Aguilar was not paying adequate attention to his surroundings and slammed his jet ski into the back of Whittaker and Price's jet ski. Price later died from the injuries she sustained.

The jet skis involved in the collision have a value of approximately $10,924.72. On February 20, 2020, Cantor Enterprises filed this limitation action, seeking to reduce its potential liability to the value of the jet skis. Compl., ECF No. 1. On March 19, 2020, the Court issued an injunction against all suits and other proceedings brought against

---

[1]   The background is taken from the Parties' submissions in the record to provide context for the Court's ruling on Claimant's Motion to Dissolve. The Court is not making factual findings.

2

3:20-cv-00326-BEN-DEB

1  Cantor Enterprises with respect to any claim subject to limitation of liability. *See* ECF
2  No. 13. The same Order mandated that all claims in this limitation action be filed no
3  later than May 18, 2020. *Id.* On the claim filing deadline, Roof Masters filed a claim
4  seeking indemnification from Cantor Enterprises. *See* ECF No. 18. On July 7, 2020,
5  Claimants filed a Motion for Extension of Time to Respond to the limitation action,
6  which the Court granted. *See* ECF Nos. 25, 26. On July 14, 2020, Claimants filed their
7  own claim against Cantor Enterprises. ECF No. 27. Since that time, no other claims
8  have been filed.

9        On October 15, 2020, Claimants filed this motion, seeking to dissolve the Court's
10 injunction on the State Court action and stay the limitation proceeding until the
11 conclusion of the State Court action. ECF No. 36. Claimants also filed several
12 stipulations in support of their motion to stay. *See* Stipulation, ECF No. 36-1 (the
13 "Stipulation"). Specifically, Claimants stipulate: (1) the Court will retain exclusive
14 jurisdiction over the limitation proceedings; (2) the value of the limitation fund equals the
15 value of the vessels involved (*i.e.*, $10,924.72); (3) they will waive the right to claim *res*
16 *judicata* based on any judgment they may obtain in any other action; (4) they will not
17 seek to enforce any judgment above the limitation fund amount until the conclusion of
18 the Court's limitations proceedings; (5) Roof Masters, through its indemnification claim,
19 shall have first priority over both Claimants to any amount available in the limitation
20 fund; and (6) Claimant Stevens shall have priority over Claimant Conners for any
21 recovery received.

22 **II.   LEGAL STANDARD**

23       Federal courts have exclusive jurisdiction over admiralty and maritime claims. 28
24 U.S.C. § 1333(1). Congress has also authorized a vessel owner to seek to "limit liability
25 for damage or injury, occasioned without the owner's privity or knowledge, to the value
26 of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*,
27 531 U.S. 438, 446 (2001) (citing the Limitation of Vessel Owner's Liability Act, 46
28 U.S.C. App. § 181, *et seq.* (the "Limitation Act")). The Limitation Act "was designed to

encourage investment and protect vessel owners from unlimited exposure to liability." *Id.* at 453. It provides "a concourse for the determination of liability arising out of marine casualties where asserted claims exceed the value of the vessel, so that there can be an effective marshaling of assets." *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966).

When the owner of a vessel invokes the protection of the Limitation Act, the Court may "issue a restraining order or an injunction staying all other proceedings [against the vessel owner arising out of the same mishap]." *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988)); Fed. R. Civ. P. Supplemental Rule F(3). "The district court also notifies all potential claimants to file their claims against the shipowner in the admiralty court within a specified time period." *Dammers*, 836 F.2d at 755. Thereafter, in a proceeding known as a concursus, the district court determines whether there is liability and whether it should be limited. *Id.* Both the injunction and notice have occurred in this case.

However, the same statute that vests exclusive admiralty jurisdiction in federal courts also contains what has been called the "Savings to Suitors Clause." *See, e.g.*, *Lewis*, 531 U.S. at 448. This clause expressly saves to litigants "in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1); *see also Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983).

There is an obvious tension between the Savings to Suitors Clause and the Limitation Act. "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448; *see also Newton*, 718 F.2d at 962. In resolving this tension, courts have recognized two exceptions to the district court's exclusive jurisdiction where (1) there is only a single claimant or (2) the total claims do not exceed the value of the limitation fund. *See Lewis*, 531 U.S. at 451; *Newton*, 718 F.2d at 962.

Claimants' motion seeks to dissolve the injunction, recognize an exception to the district court's exclusive jurisdiction, and allow the State Court action to proceed. Here,

the total claims certainly exceed the total value of the limitation fund, which is $10,924.72. The question, then, is whether the "single claimant" exception applies to this case, which would allow the Court to dissolve the injunction.

## III. ANALYSIS

### A. *Motion to Dissolve*

Claimants argue that (1) the "single claimant" exception to the exclusive jurisdiction rule applies, (2) their stipulations adequately protect the rights of Cantor Enterprises, and (3) Cantor Enterprises will not be prejudiced by proceeding with the State Court action. ECF No. 36, 5-10. Cantor Enterprises responds that (1) the "single claimant" exception does not apply and (2) the stipulation is insufficient to protect its limitation rights. ECF No. 40, 6-8.

In this limitation action, both Claimants and the Roof Masters filed claims against Cantor Enterprises. *See* ECF No. 18; ECF No. 26. Nonetheless, "a multiple claimant case can be converted to the functional equivalent of a single claimant one through a stipulation of all potential claimants to the priority of their claims." *Matter of Greenberg*, Case No. 06-cv-1764-BEN-POR, 2008 WL 11508764, at *3 (S.D. Cal. Feb. 4, 2008). Thus, the issue is the content of the stipulations "and how adequately they protect [Cantor Enterprises'] right to the limitation of liability." *Id.*

For a stipulation to adequately protect limitation of liability, the Ninth Circuit requires the claimant to (1) stipulate to the district court's continuing, exclusive jurisdiction to decide the owner's right to limit his liability; (2) stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo; and (3) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings. *See Newton*, 718 F.2d at 962. The Court has previously adopted the Second Circuit's additional requirements for such stipulations because those "requirements are consistent with Ninth Circuit law and the purposes of the Limitation Act." *See Greenberg*, 2008 WL 11508764, at *4 (citing *Dammers*, 836 F.2d at 755. Thus, a stipulation must also provide three other assurances: First, that in the

5

event there is a judgment against the limitation plaintiff or any other liable party who may cross-claim or claim over against the limitation plaintiff, and the judgment exceeds the value of the limitation fund, the claimants agree not to seek to enforce the excess judgment pending the resolution of the limitation action. Second, that there is an irrevocable priority of claims. Third, that if the limitation plaintiff is held responsible for attorneys' fees and costs of a claimant or any other party seeking indemnification, such claims shall have first priority. *Id.* (citing *Dammers*, 836 F.2d at 753-54, 759).

Addressing these factors, Cantor Enterprises argues the Claimants' stipulations fall short because (1) Roof Masters has not joined the stipulations and (2) two other potential claimants—Aguilar and Whittaker—could still come forward with additional claims. ECF No. 40, 7. The Court finds these arguments unpersuasive and factually distinguishable from its decision in *Greenberg*.

First, Claimants' Stipulation provides that the Roof Masters, as an indemnity claimant, will have priority of payment if the Court finds Cantor Enterprises entitled to limited liability. Stipulation, ECF No. 36-1, ¶ 13. Thus, the Stipulation "obviates the need for the court to resolve competing claims." *In re Complaint of BSA*, Case No. C-93-2958-MHP, 1997 U.S. Dist. LEXIS 4401, at *7 (N.D. Cal. Feb. 13, 1997). "The chief concern in resolving the conflict between the Limitation Act and the Savings to Suitors Clause is the protection of the vessel owner's right to the limitation of liability." *Greenberg*, 2008 WL 11508764, at *2-3. While in *Greenberg*, the Court denied a motion to dissolve the injunction, it did so because the stipulations in that case did not contain adequate protections for the limitation of liability. *Id.* In doing so, however, the Court recognized that "[l]ower courts have commonly applied the single-claimant exception to cases where multiple claimants entered appropriate stipulations regarding the priority of the claims." *Id.* at *3 (citing *In re X-Treme Parasail, Inc.*, 2006 WL 4701815, *2 (D. Hawai'i 2006); *Beiswenger v. Carletta*, 86 F.3d 1032, 1040 (11th Cir. 1996) ("We are persuaded by the weight of authority in accepting the argument that multiple claimants may invoke the single claimant exception through appropriate stipulations. Every circuit

6

court of appeals that has expressly addressed this argument has accepted it."); *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995) ("Multiple claimants may reduce their claims to the equivalent of a single claim by stipulating to the priority in which their claims will be paid from the limitation fund."). *Greenberg* also denied the motion to dissolve without prejudice, allowing the claimant to renew her motion to dissolve if she corrected the deficiencies in her stipulations. 2008 WL 11508764, at *5. Here, Claimants' Stipulation defers priority to Roof Masters and addresses the possibility of attorney's fees. Accordingly, the Court concludes the Stipulation sufficiently protects Cantor Enterprises' liability in these respects.

Turning to the possibility of additional claimants, Cantor Enterprises argues that dissolving the injunction and allowing the State Court action to proceed is inappropriate because more potential claimants—specifically, Aguilar and Whittaker—may seek to hold Cantor Enterprises liable. ECF No. 40, 7. Claimants respond that the likelihood of additional claimants at this point is low and their stipulations are, nonetheless, sufficient to limit Cantor Enterprises' liability. ECF No. 42, 4-5.

Returning to *Greenberg*, the Court addressed the limitation plaintiff's argument that the claimant's stipulations did not sufficiently address the possibility of claims by third parties that had not yet filed claims. 2008 WL 11508764, at *5. There, the Court cited with approval the proposed stipulation of the claimant in *Dammers*, which addressed additional recovery—even recovery by potential claimants that had not yet appeared. *Id.* An appropriate stipulation provides that the claimant will not seek to enforce any judgment against the limitation plaintiff until the conclusion of the limitation proceedings. *See Dammers*, 836 F.3d at 759. Here, Claimants' stipulation does just that:

> Claimants will not seek to enforce any judgment rendered in any state court, whether against Plaintiffs in Limitation or another person or entity that would be entitled to seek indemnity or contribution from the Plaintiffs in Limitation, by way of cross-claim or otherwise, that would expose the Plaintiffs in Limitation to liability in excess of $10,924.72, until such time as this Court has adjudicated the Plaintiffs in Limitation right to limit that

7

liability.

Stipulation, ECF No. 36-1, ¶ 12. This Stipulation sufficiently guards against Cantor Enterprises' liability in both the State Court Action and any additional possible claims by third parties. *See Greenberg*, 2008 WL 11508764, at *5. Accordingly, the Court finds that based on Claimants' Stipulation, the remote possibility of additional claimants does not require maintaining the injunction.

Finally, the Court turns to Cantor Enterprises' argument that it will be prejudiced by lifting the stay in the State Court Action. However, "courts have been concerned with protecting *both* the vessel owner's right to limit the liability *and* the claimant's right to pursue the action under the Savings to Suitors Clause." *Greenberg*, 2008 WL 11508764, at *5. The analysis of prejudice is complicated here by the ongoing COVID-19 pandemic and uncertainty about when jury trials may resume in state and federal courts. However, the Court finds this potential uncertainty insufficient to overcome the Ninth Circuit's caution that "most often it has been found expedient to stay the limitation proceeding and try the liability issue first, thus preserving the possibility that a jury will find no liability or award less than the limitation fund and thereby moot the limitation proceeding." *Newton*, 718 F.2d at 963. Accordingly, the Court finds no prejudice sufficient to preclude the dissolution of the injunction.

### B. *Motion to Amend*

Shortly after filing their Motion to Dissolve, Claimants filed a Motion to Amend their Counterclaim. ECF No. 39. In the Motion, Claimants sought to amend their counterclaim to include claims against Roof Masters to try the entire action in this Court should their Motion to Dissolve be denied. *Id.* at 4. Because the Court granted the Motion to Dissolve, amendment to add Roof Masters is unnecessary. Accordingly, the Motion to Amend is denied as moot. *See, e.g., Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that an issue is moot when deciding it would have no effect within the confines of the case").

8

## IV. CONCLUSION

For the foregoing reasons:

1. The Motion to Stay Limitation Action is **GRANTED.** ECF No. 36.

2. The limitation proceeding is **STAYED** pending conclusion of the State Court action.

3. The Parties are **ORDERED** to provide a Status Report on the progress of the State Court action with this Court every 90 days.

4. Claimants' Motion to File an Amended Counterclaim is **DENIED AS MOOT**. ECF No. 39.

**IT IS SO ORDERED.**

Dated: February 22, 2021

HON. ROGER T. BENITEZ
United States District Judge